UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04029-SRM-PD Date: July 24, 2026

Title *Jorge Yair Navarro v. Kristi Noem, et al.*

Present: The Honorable: Patricia Donahue, United States Magistrate Judge

| | |
|---|---|
| Isabel Verduzco | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings (In Chambers): Order Referring Case to the Federal Public Defender to Consider Appointment of Counsel**

Petitioner, an immigration detainee who is proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner alleges he was taken into immigration custody on June 27, 2026, and argues that there is no good reason to believe he will be deported in the reasonably foreseeable future. He also argues his due process rights have been violated because he was not afforded a meaningful opportunity to demonstrate that he should not be detained. Dkt. No. 1 at 6. Petitioner seeks immediate release. It appears based on Petitioner's information on the Executive Office for Immigration Review website, that Petitioner is from Honduras and has a master hearing scheduled on August 11, 2026.

There is no absolute right to appointment of counsel in habeas proceedings. *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Appointment of counsel may be authorized at any stage of the proceedings, however, if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2). The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04029-SRM-PD Date: July 24, 2026

Title *Jorge Yair Navarro v. Kristi Noem, et al.*

Here, the *Weygandt* factors sufficiently support the appointment of counsel to represent Petitioner. The office of the Federal Public Defender for the Central District of California ("FPD") has indicated that it will accept appointments to represent *pro se* petitioners in immigration-related habeas corpus proceedings such as this one.

Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner. The FPD is **ORDERED** to file a response by **July 28, 2026**, indicating whether the FPD will represent Petitioner in this matter. This obligation shall be satisfied if the FPD files a notice of appearance in this case. The Clerk of Court is **DIRECTED** to serve a copy of this order and a copy of the Petition on the FPD.

**IT IS SO ORDERED**.

cc: FPD [ATTN: Jonathan_Aminoff@fd.org]