UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JORGE YAIR NAVARRO,
Petitioner,
v.
KRISTI NOEM, et al.,
Respondents.

Case No. 5:26-cv-04029-SRM-PD

**ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS [1]**

**A# 246-061-363**

Before the Court is *pro se* Petitioner Jorge Yair Navarro's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). Dkt. 1. Respondents Kristi Noem, Pamela Bondi, Thomas Giles, James Pilkington, and Warden Geo Group (collectively, "Respondents") filed an Answer to the Petition ("Answer"). Dkt. 9. Having reviewed the Parties' submissions, relevant legal authority, and the record in this case, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus. Dkt. 1.

## I. BACKGROUND

On June 27, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and taken to Adelanto ICE Processing Center. *Id.* at 4. Petitioner subsequently filed his Petition on July 17, 2026 requesting immediate release, alleging his detention by immigration authorities violates the Due Process Clause and inflicts an "infamous punishment" in violation of the Fifth and Sixth Amendments of the Constitution.

*See* Dkt. 1 at 6–7; *Wong Wing v. United States*, 163 U.S. 228, 233–34 (1896). Petitioner further alleges that he was "badly beaten" when he was detained by ICE agents and is in great pain and unable to use his right hand. Dkt. 1 at 7.

An Immigration Judge ordered Petitioner removed on October 2, 2026. Dkt. 13-1 at 4. Consequently, the Board of Immigration Appeals rejected Petitioner's timely appeal of the removal order because the "[d]ate of judgment noted in box 5 of E26 is incorrect." Dkt. 14-2 at 2. However, Petitioner received the Rejection of Appeal after the thirty-day period to appeal had expired. *Id.* The Court thus enjoined Petitioner's removal pending the opportunity to re-file his appeal and motion to accept his late appeal. Dkt. 15 at 2.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). It functions to challenge and secure release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus if the petitioner meets their burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

### A. Jurisdiction

As a preliminary matter, Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g). However, section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim . . . from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any" noncitizen. 8 U.S.C. § 1252(g). This section should be read narrowly to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). Thus, section 1252(g) "does not

prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997. In fact, the Ninth Circuit has expressly held that Section "1252(g) [does] not bar due process claims." *Id.* (citing *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998)).

Here, Petitioner does not challenge the decision to commence, adjudicate, or execute a removal order. Rather, Petitioner takes issue with the process Respondents afforded him when they detained him. This Court therefore properly exercises jurisdiction over Petitioner's claims as they fall outside Section 1252(g)'s scope.

**B. Due Process**

Freedom from detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Construed liberally, Petitioner claims a due process violation as Respondents failed to provide him with a bond hearing before or during his detention. *See* Dkt. 1. Respondents concede that Petitioner's detention is governed by 8 U.S.C. § 1226(a), thereby entitling him to request release on bond. 8 U.S.C. § 1226(a)(2). Respondents further agree that due process is "satisfied" by the "opportunity to seek a bond hearing before an Immigration Judge." Dkt. 9 at 3. But Respondents fail to state whether Petitioner received a bond hearing nor address Petitioner's procedural due process claim. Thus, the Court considers this failure to address Petitioner's claim as a concession. *See e.g., Geng v. Warden of Adelanto ICE Process Ctr.*, No. 5:26-CV-e 04950-ACCV, 2026 WL 3002616, at *2 (C.D. Cal. Oct. 5, 2026) (construing respondent's failure to address petitioner's due process claim as a concession); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (same); *Aperyan v. Semaia*, No. 5:26-CV-00699, 2026 WL 874734, at *4 (C.D. Cal. Mar. 27, 2026) (same).

Accordingly, the Court finds that Petitioner's due process rights were violated and he is therefore entitled to immediate release from custody.[1] *See* C.D. Cal. L.R. 7-12.

---

[1] The Court need not reach the issue raised under *Wong Wing* because the violation of Petitioner's due process rights entitles him to immediate release from custody.

## IV. CONCLUSION

For the reasons above, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**. Dkt. 1. The Court **ORDERS** as follows:

1) The Court **VACATES** the referral to Magistrate Judge Patricia Donahue, Dkt. 3;
2) Respondents shall **IMMEDIATELY RELEASE** Petitioner Jorge Yair Navarro **(A# 246-061-363)** from custody and return any of his personal belongings to him, and shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing;
3) Respondents must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing the Petitioner;
4) Respondents may not re-detain Petitioner during the pendency of these proceedings without, at a minimum, an individualized notice describing the change in circumstances necessitating his arrest and detention, and a pre-deprivation hearing before an immigration judge. If Petitioner is again placed in detention in this District following the proceedings complying with this Order, Respondents shall not transfer or remove Petitioner from this District unless executing a final order of removal issued against Petitioner.

**IT IS SO ORDERED.**

Dated: November 21, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE